<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4860**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

     v.

JORGE PATLAN, a/k/a X The Bear, a/k/a Jorge C. Patlan, a/k/a Jorge Patlan Sauceda,

            Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (1:09-cr-00214-JCC-1)

Submitted: May 14, 2010           Decided: June 17, 2010

Before NIEMEYER and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Geremy C. Kamens, Assistant Federal Public Defender, Patrick L. Bryant, Research and Writing Attorney, Alexandria, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Michael L. Whitlock, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jorge Patlan appeals his conviction after a bench trial for illegal reentry of a deported alien in violation of 8 U.S.C. § 1326(a) (2006). On appeal, Patlan contends that the district court erred in denying his motion to dismiss the indictment for violation of the Speedy Trial Act. We affirm.

We review de novo the district court's interpretation of the Speedy Trial Act, and we review the court's related factual findings for clear error. United States v. Rodriguez-Amaya, 521 F.3d 437, 440 (4th Cir. 2008). The Speedy Trial Act provides "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b) (2006). "Offense" means "any Federal criminal offense which is in violation of any Act of Congress and is triable by any court established by Act of Congress." 18 U.S.C. § 3172(2) (2006). If the thirty-day time limit is not met, the charge "shall be dismissed." 18 U.S.C. § 3162(a)(1) (2006).

Patlan was served with the arrest warrant charging him with the instant criminal offense and taken into custody by the United States Marshal on April 9, 2009. He was indicted twenty-eight days later on May 7, 2009. Patlan argues, however, that the thirty-day period under the Speedy Trial Act began on April

2

1, 2009, while he was detained in the custody of Immigration and Customs Enforcement ("ICE") officials who were processing his administrative deportation back to Mexico.

We have held that the Speedy Trial Act does not apply to ICE administrative detention, since the plain language of the Act limits its coverage to persons detained in connection with a federal criminal arrest. Rodriguez-Amaya, 521 F.3d at 441. However, we have also held that the Speedy Trial Act includes a ruse exception, such that the Act's time limits are triggered when the primary or exclusive purpose of the civil detention was to hold a defendant for future criminal prosecution. Id. at 442. We have further held that civil detainees bear the burden of proving the exception applies in a given case. Id.

In this case, Patlan argued that the thirty-day time limit was triggered on April 1, 2009, when his case was referred to the United States Attorney's office for criminal prosecution, contending the purpose for his detention at that point was for future criminal prosecution. However, as the district court noted, there was no evidence that work on his administrative deportation ceased on that date. Nor were there any allegations of collusion between ICE and the Government for the purpose of bypassing the Act's requirements. If the United States Attorney had declined to pursue this case, Patlan would still have been held by ICE until he was deported. We thus conclude that the

3

district court did not clearly err in finding Patlan failed to prove that the primary or exclusive purpose of his detention by ICE was to hold him for future criminal prosecution.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4